1  LINNEA P CIPRIANO (Pro Hac Vice)
   LCipriano@goodwinlaw.com
2  **GOODWIN PROCTER LLP**
   The New York Times Building
3  620 Eighth Avenue
   New York, New York 10018
4  Tel.: +1 212 813 8800
   Fax: +1 212 355 3333
5
   NICOLE KIM (SBN 324698)
6  NicoleKim@goodwinlaw.com
   **GOODWIN PROCTER LLP**
7  601 S. Figueroa Street, 41st Floor
   Los Angeles, California 90017
8  Tel.: +1 213 426 2495
   Fax: +1 213 623 1673
9
   OSCAR BARRON-GUERRA (SBN 345284)
10 *OBarronGuerra@goodwinlaw.com*
   **GOODWIN PROCTER LLP**
11 3 Embarcadero Center, 28th Floor
   San Francisco, California 94111
12 Tel.: +1 415 733 6000
   Fax: +1 415 677 9041
13

SEAN RIORDAN (SBN 255752)
sriordan@aclunc.org
**AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF NORTHERN CALIFORNIA**
39 Drumm Street
San Francisco, CA 94111
Tel.: (415) 621-2493

KYLE VIRGIEN (SBN 278747)
kvirgien@aclu.org
**AMERICAN CIVIL LIBERTIES UNION FOUNDATION**
39 Drumm Street
San Francisco, CA 94111
Tel.: (202) 393-4930

EUNICE CHO (Pro Hac Vice)
echo@aclu.org
**AMERICAN CIVIL LIBERTIES UNION FOUNDATION**
915 Fifteenth Street NW, 7th Floor
Washington, DC 20005
Tel.: (202) 548-6616

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT; UNITED STATES DEPARTMENT OF HOMELAND SECURITY,<br><br>Defendants. | Case No. 3:23-cv-1795-JCS<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Freedom of Information Act, 5, U.S.C. § 552<br><br>Judge Joseph C. Spero<br>Courtroom D – 15th Floor |

Pursuant to Civil L.R. 16-9, Plaintiff American Civil Liberties Union ("Plaintiff") and Defendants U.S. Immigration and Customs Enforcement ("ICE") and Department of Homeland Security ("DHS") hereby submit the following initial Joint Case Management Statement.

**1.      Jurisdiction and Service**: Plaintiff brings this action under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. No issues have been raised concerning personal jurisdiction, venue or service. All parties have been served.

**2.      Facts:**

**Plaintiff's Contentions**: Plaintiff brings this action seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA to immediately release improperly withheld agency records related to the provision of COVID-19 antiviral drugs to people held in Defendants' custody.

On January 5, 2023, Plaintiff filed a FOIA request (the "FOIA Request") requesting the following documents:

1) Documents sufficient to show (a) the type of COVID-19 antiviral drugs, and number of treatment courses prescribed and provided to people detained in immigration detention facilities, including by facility and date; (b) the type of COVID-19 antiviral drugs, and number of treatment courses available at each immigration detention facility, including by facility and name of drugs; and (c) the number and type of COVID-19 antiviral treatment courses ordered by immigration detention facilities, including by facility and date, including orders placed to the Department of Health and Human Services;

2) Any and all records related to COVID-19 antiviral drugs and their use, provision, availability, or prescription in immigration detention facilities, including policies, trainings, spreadsheets, protocols, guidelines, reports, letters, communications, or inquiries;

3) Any and all records related to COVID-19 antiviral drugs and inclusion of requirements for their use or provision in ICE COVID-19 Pandemic Response Requirements or U.S.

1 | Immigration and Customs Enforcement Health Services Corps. directives, including emails, letters, communications, or inquiries;

4) Any and all records related to ICE's oversight or monitoring of immigration detention facilities and the provision, prescription, or availability of COVID-19 antiviral drugs;

5) Any and all records generated in response to media inquiries, public affairs purposes, or Congressional inquiries regarding the provision of COVID-19 antiviral drugs or COVID-19 therapeutic treatment (including but not limited to talking points, quotes or statements provided to press, underlying data, memoranda, or letters); and

6) Any and all records discussing, preparing, proposing, editing, or approving records responsive to Request 5.

On January 17, 2023, Defendant ICE acknowledged receipt of the FOIA request and assigned the FOIA Request the tracking number 2023-ICFO-09946. Defendant ICE requested a 10-day extension under 5 U.S.C. § 522(a)(6)(B).

On February 10, 2023, Defendant DHS acknowledged receipt of the FOIA Request and assigned the FOIA Request the tracking number 2023-HQFO-00791. Defendant DHS requested a 10-day extension under 6 C.F.R. Part 5 § 5.5(c).

More than six months after the FOIA Request was served on Defendants, neither Defendant has provided a substantive response to the request. Given the lack of a substantive response to Plaintiff's FOIA Request, Plaintiff brought this action on April 13, 2023, to compel disclosure of information to which the public is entitled.

**Defendants' Contentions:** ICE and DHS acknowledged receipt of Plaintiff's FOIA request on January 17, 2023 and February 10, 2023, respectively. ECF No. 17 ¶ 61 (denying allegation that DHS did not acknowledge receipt of Plaintiff's request). Defendants have been working to respond to the Request, which contains six subparts, including by identifying appropriate components and tasking out each subpart. ICE has tasked all six subparts to ICE Enforcement and Removal Operations Health Services, and has tasked items 5 and 6 to ICE's Congressional Relations component and Office of Public Affairs. ICE has also referred items 5 and 6 to DHS,

which tasked those items to its Privacy component. Thereafter, on June 30, 2023, Plaintiff sent Defendants a list of proposed custodians, locations, and search terms, which Defendants are now considering, to the extent applicable, in order to generate an estimated page count of potentially responsive records.

3. **Legal Issues:** *Search for and Production of Records*

**Plaintiff's Position**: FOIA requires that each agency "shall make [disclosable] records promptly available" upon request. *See* 5 U.S.C. § 552(a)(3)(A). Upon receipt of a request that will take longer than ten days to process, FOIA requires agencies to provide requesters with individualized tracking numbers and to maintain a telephone line or internet service to provide information about the status of a request, including the estimated date of its completion. *See* 5 U.S.C. § 552(a)(7).

Even with a ten-day extension for Defendants, Defendants failed to timely make a determination as to Plaintiff's FOIA Request and notify Plaintiff of that determination by Thursday, February 17, 2023, which was the maximum timeframe afforded to the government under FOIA. *See* 5 U.S.C. § 552(a)(6); *Hajro v. U.S. Citizenship & Immigr. Servs.*, 811 F.3d 1086, 1093–95 (9th Cir. 2016). Defendants did not respond to Plaintiff's FOIA Request as per 5 U.S.C. 552 (a)(3)(C).

Defendants have failed to conduct an adequate search, have wrongfully withheld agency records requested by Plaintiff under FOIA, and have failed to comply with the statutory time for the processing of FOIA requests. Plaintiff is entitled to injunctive relief with respect to the release and disclosure of the requested documents because Defendants continue to improperly withhold agency records in violation of FOIA. Plaintiff will otherwise suffer irreparable injury from, and have no adequate legal remedy for Defendants' illegal withholding of government documents pertaining to the subject of Plaintiff's FOIA Request.

**Defendants' Position**: Defendants deny that they "failed to conduct an adequate search, have wrongfully withheld agency records requested by Plaintiff under FOIA, and have failed to comply with the statutory time for the processing of FOIA requests." While Defendants concede that they did not produce records to Plaintiff before this action was filed, Defendants have been

4

JOINT CASE MANAGEMENT STATEMENT
Case No. 3:23-cv-1795-JCS

working to respond to the request, including by conducting searches and considering Plaintiff's proposals, and have not withheld any records, as Defendants' collection and/or processing of potentially responsive records remains ongoing.

4. **Motions:** There are no prior or pending motions in this case. The parties anticipate that any issues that cannot be resolved between the parties will be submitted to the Court via cross-motions for summary judgment.

5. **Amendment of Pleadings:** At this time, the parties do not anticipate amending their pleadings.

6. **Evidence Preservation:** Plaintiff does not presently anticipate any disputes regarding Defendants' evidence preservation efforts; however, Plaintiff reserves the right to bring any such disputes as they may materialize during discovery. The parties have reviewed the Guidelines Related to the Discovery of Electronically Stored Information and acknowledge their duty to preserve relevant materials in accordance with applicable rules and case law.

7. **Initial Disclosures (Fed. R. Civ. P. 26(a)):** At this time the parties do not anticipate the need for discovery in this FOIA action and respectfully request that the Court excuse the parties from the initial disclosure and conference requirements of Federal Rule of Civil Procedure 26. Plaintiff does not anticipate the need for initial disclosures but reserves the right to request them if unanticipated issues and disputes arise.

8. **Discovery:** No discovery has been taken to date. The parties agree that with limited exceptions, discovery is normally not necessary in FOIA cases such as this one. *See Lane v. Dep't of Interior*, 523 F.3d 1128, 1134 (9th Cir. 2008). Plaintiff anticipates resolving any document production issues presented in this FOIA case informally, or via cross-motions for summary judgment, without the need for formal discovery but reserves the right to conduct such discovery if unanticipated issues and disputes arise.

9. **Class Actions:** Not applicable.

10. **Related Cases:** Not applicable.

11. **Relief:**

**Plaintiff's Position**: Plaintiff seeks declaratory relief declaring that the failure of Defendants to disclose the records requested by Plaintiff violates FOIA. Plaintiff further seeks injunctive relief ordering Defendants to expeditiously conduct an adequate search for all outstanding records responsive to Plaintiff's FOIA request, and to expeditiously and appropriately disclose, as soon as practicable, all responsive, non-exempt records. Furthermore, Plaintiff seeks reasonable attorney fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E), and any other relief as the Court may deem just and proper.

**Defendants' Position**: Defendants deny that Plaintiffs are entitled to any relief.

**12.** **Settlement and ADR:**

**Plaintiff's Position**: Plaintiff is willing to consider ADR options. However, given that Defendants have yet to produce any documents or assert that any of the documents sought by Plaintiff in their FOIA Request are exempt from FOIA or otherwise not appropriate for production, it is not clear whether ADR will benefit the parties at this stage. Rather, if Defendants do not provide a satisfactory response to Plaintiff's FOIA Request, the Court should set a briefing schedule for summary judgment motions, and the parties can revisit the issue of ADR after the Court rules on these motions. Plaintiff is amendable to referral to a United States Magistrate Judge for a settlement conference at an appropriate time.

**Defendants' Position**: Defendants are currently working to resolve Plaintiff's request and do not believe that ADR is necessary or appropriate at this time. If the parties are unable to resolve all of the issues raised by Plaintiffs' complaint, Defendants would be amenable to referral to a United States Magistrate Judge for a settlement conference at an appropriate time

**13.** **Consent to Magistrate Judge for All Purposes**: The parties have consented to the Honorable Magistrate Judge Joseph C. Spero conducting all further proceedings including trial and entry of judgment.

**14.** **Other References:** The parties agree that this action is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.** **Narrowing of Issues:**

**Plaintiff's Position**: Defendants have yet to assert that any of the documents sought by Plaintiff in their FOIA Request are exempt from FOIA or otherwise not appropriate for production. Plaintiff is amendable to meet and confer to narrow the issues prior to the filing of cross-motions for summary judgment.

**Defendants' Position:** Defendants intend to continue conferring with Plaintiff in an effort to reach agreement regarding the request and Defendants' processing and production of responsive, non-privileged records.

**16.** **Expedited Trial Procedure/Expedited Schedule**: The parties anticipate that this case, as a FOIA matter, can be resolved on summary judgment. The expedited trial procedure is therefore inapplicable.

**17.** **Scheduling:**

**Plaintiff's Position**: Plaintiff believes that the most expeditious way to resolve this case is for Defendants to produce all documents that they contend are responsive to the FOIA Request and not subject to withholding, along with indices of documents withheld in whole or part based on purported exemptions. *See Vaughn v. Rosen*, 484 F.2d 820, 827 (D.C. Cir. 1973) (requiring the Government to provide indices sufficient to permit a determination whether it had properly withheld documents), *cert. denied*, 415 U.S. 977 (1974). This production will make clear what concrete disputes exist between the parties regarding the scope of Defendants' search and the exemptions Defendants contend apply. If the parties are unable to resolve these disputes informally, they will likely be resolved on cross-motions for summary judgment.

The parties' ability to resolve this case on a reasonable timeframe thus depends significantly on two factors: (1) the number of pages of responsive documents that Defendants plan to review, and (2) the rate at which Defendants conduct this review. Defendants have yet to identify the number of pages to be reviewed or their position on an appropriate review rate. However, Plaintiff is hopeful that the parties can work together to determine the appropriate universe of documents for Defendants to search, a reasonable rate of review, and a corresponding case schedule. To this end, Plaintiff provided Defendants with a set of proposed search terms, locations, and custodians

on June 30, 2023. Defendants have agreed to respond to these search terms, locations, and custodians. However, the parties have not been able to come to an agreement on a reasonable timeframe for their exchange of search terms, locations, custodians, and hit counts. Plaintiffs are concerned that, without Court-ordered deadlines for this exchange of preliminary information, these discussions will lag and will significantly delay the parties' abilities to propose a schedule.

Plaintiff thus proposes that the most efficient way to set a schedule in this case is for the Court to order the parties to exchange this preliminary information. The parties can then propose a schedule informed by the number of pages to be reviewed and the appropriate rate of review. Plaintiff proposes that the Court order Defendants to provide Plaintiff with a response to Plaintiff's proposed search terms, locations, and custodians, including an estimate of the number of pages to be processed under Defendants' proposed searches, by July 21, 2023. The parties can then meet and confer on a proposed rate of document review and schedule for the remainder of the case. Plaintiff proposes that the Court order the parties to file a joint proposal on August 4, 2023, regarding the rate of review and case schedule through summary judgment and trial. This joint proposal should include either a joint proposed case schedule, or both parties' separate proposals and a brief description of the parties' positions on their disagreements.

To the extent that a response is needed, Plaintiff also disagrees with Defendants' below characterizations of the parties' negotiations. Although Defendants acknowledge that Plaintiff's counsel did take the initiative to reach out to Defendants' counsel first and before the Rule 26(f) Conference, the timing of those discussions do not change the reality that Plaintiff served its FOIA Request on Defendants on January 5, 2023. It is Plaintiff's position that Defendants were required by law to conduct a reasonable search long before April 13, 2023, when this action was filed.

As counsel have already discussed, Plaintiff has consistently proposed one of two positions: (1) the parties proceed with the Case Management Conference on July 14, 2023, and the Court facilitates a schedule immediately following that conference for Defendants to provide page counts and for the parties to agree to a case schedule; or (2) to provide Defendants with more time to determine page counts prior to the Case Management Conference, Plaintiff agreed to postpone the

Case Management Conference by two weeks and to provide Defendants with proposed custodians, locations, and search terms in exchange for Defendants providing revisions to Plaintiff's proposed search terms and page counts responsive to each search by July 10, 2023. Plaintiff provided to Defendants its proposed list of custodians, locations, and search terms on June 30, 2023, along with a proposed stipulation in the same email setting a deadline for Defendants to provide initial page counts by July 10. Defendants nonetheless rejected that proposal. Rather, Defendants sought to extend the current schedule out by double with no guarantee for when Defendants would provide initial page counts.

Given Defendants' refusal to provide concrete dates for when they will provide Plaintiff with initial page counts, Plaintiff informed Defendants that it would seek the Court's guidance. Plaintiff has requested that the Court order a more accelerated timeline for this issue than Plaintiff initially thought necessary out of concern that this case will otherwise not progress in a timely manner. Plaintiff's concerns are reinforced by the fact that Defendants' below request to schedule another Case Management Conference for over a month from now with no concrete dates for when Defendants will provide Plaintiff with initial page counts.

**Defendants' Position**: Defendants share Plaintiff's interest in setting a production schedule for responsive, non-exempt records, and have been working to determine the scope of potential records. Following the filing of this action on April 13, 2023, Plaintiff's counsel first contacted Defendants' counsel on June 20, 2023, and the parties met and conferred by telephone on June 23, 2023. At that time, Defendants explained that they had already tasked the six subparts of Plaintiff's request to the appropriate components, including ICE's Enforcement and Removal Operations Health Services, Congressional Relations, and Office of Public Affairs, and DHS's Privacy component, and Plaintiff requested that Defendants provide an estimated page count by July 28, 2023, and submit a joint proposal to the Court for the remainder of the case on August 11, 2023. On June 30, 2023, in the late afternoon, Plaintiff sent Defendants a list of potential custodians, locations, and search terms. Defendants agreed to consider Plaintiff's proposals to the extent

9

JOINT CASE MANAGEMENT STATEMENT
Case No. 3:23-cv-1795-JCS

1 applicable to each defendant, and to aim to still provide estimated page counts to Plaintiff by July 28, 2023.

To the extent Plaintiff now requests that the Court advance these dates (i.e., to July 21, 2023 for the estimated page count and August 4, 2023 for the joint proposal), Defendants respectfully object given the parties' prior discussions and the additional effort needed to consider Plaintiff's recent proposal in generating an estimated page count. Defendants do not believe a Court order is necessary at this time, and would instead respectfully request that the Court set a further Case Management Conference ("CMC") for an update on the parties' progress on August 18, 2023, with a joint CMC statement due August 11, 2023, which would give the parties time to meet and confer and submit any joint proposal they may reach regarding next steps to the Court consistent with the parties' discussions and the needs of this case.

**18.  Trial:**

The parties anticipate that this entire case will be resolved on summary judgment, if the parties do not reach a negotiated resolution, and do not anticipate the need for trial in this case.

**19.  Disclosure of Non-Party Interested Entities or Persons:**

**Plaintiff's Position**: Plaintiff has filed its Certification of Interested Entities or Persons pursuant to Civil L.R. 3-15, certifying that other than the named parties, there is no such interest to report.

**Defendants' Position**: Defendants are government entities that are exempt from filing a certification of Interested Entities or Persons pursuant to Civil L.R. 3-15.

**20.  Professional Conduct:** All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21.  Other Matters**: None at this time.

| | | |
|---|---|---|
| Dated: July 7, 2023 | | GOODWIN PROCTER LLP |
| | By: | */s/ Oscar Barron-Guerra\** |
| | | Oscar Barron-Guerra |
| | | *OBarronGuerra@goodwinlaw.com* |
| | | |
| | | */s/ Linnea P. Cipriano* |
| | | Linnea P. Cipriano |
| | | *LCipriano@goodwinlaw.com* |
| | | |
| | | AMERICAN CIVIL LIBERTIES UNION FOUNDATION |
| | | |
| | | */s/ Kyle Virgen* |
| | | Kyle Virgien |
| | | *kvirgien@aclu.org* |
| | | Eunice Cho |
| | | *echo@aclu.org* |
| | | |
| | | AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF NORTHERN CALIFORNIA |
| | | |
| | | */s/ Sean Riordan* |
| | | Sean Riordan |
| | | *sriordan@aclunc.org* |
| | | |
| | | *Attorneys for Plaintiff* |
| | | AMERICAN CIVIL LIBERTIES UNION |
| | | |
| | | ISMAIL J. RAMSEY |
| | | United States Attorney |
| Dated: July 7, 2023 | By: | */s/ Savith Iyengar* |
| | | SAVITH IYENGAR |
| | | Assistant United States Attorney |
| | | Attorney for Defendants |

\* Filer attests that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

11