LINNEA P CIPRIANO (Pro Hac Vice)
*LCipriano@goodwinlaw.com*
**GOODWIN PROCTER LLP**
The New York Times Building
620 Eighth Avenue
New York, New York 10018
Tel.: +1 212 813 8800
Fax: +1 212 355 3333

NICOLE KIM (SBN 324698)
*NicoleKim@goodwinlaw.com*
**GOODWIN PROCTER LLP**
601 S. Figueroa Street, 41st Floor
Los Angeles, California 90017
Tel.: +1 213 426 2495
Fax: +1 213 623 1673

OSCAR BARRON-GUERRA (SBN 345284)
*OBarronGuerra@goodwinlaw.com*
**GOODWIN PROCTER LLP**
3 Embarcadero Center, 28th Floor
San Francisco, California 94111
Tel.: +1 415 733 6000
Fax: +1 415 677 9041

SEAN RIORDAN (SBN 255752)
*sriordan@aclunc.org*
**AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF NORTHERN CALIFORNIA**
39 Drumm Street
San Francisco, CA 94111
Tel.: (415) 621-2493

KYLE VIRGIEN (SBN 278747)
*kvirgien@aclu.org*
**AMERICAN CIVIL LIBERTIES UNION FOUNDATION**
39 Drumm Street
San Francisco, CA 94111
Tel.: (202) 393-4930

EUNICE CHO (Pro Hac Vice)
*echo@aclu.org*
**AMERICAN CIVIL LIBERTIES UNION FOUNDATION**
915 Fifteenth Street NW, 7th Floor
Washington, DC 20005
Tel.: (202) 548-6616

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

AMERICAN CIVIL LIBERTIES UNION

Plaintiff,

v.

UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT; UNITED STATES DEPARTMENT OF HOMELAND SECURITY,

Defendants.

Case No. 3:23-cv-1795

**JOINT CASE MANAGEMENT STATEMENT**

Freedom of Information Act, 5, U.S.C. § 552

Judge Joseph C. Spero
Courtroom D – 15th Floor

Plaintiff American Civil Liberties Union ("Plaintiff") and defendants United States Immigration and Customs Enforcement ("ICE") and United States Department of Homeland Security ("DHS") (collectively, "Defendants"), by and through their undersigned counsel, respectfully submit this joint case management conference ("CMC") statement pursuant to this Court's order dated February 16, 2024, which set a further CMC for May 31, 2024, and ordered the parties to submit an updated joint CMC statement by May 24, 2024. ECF No. 34.

**1. <u>Facts:</u>**

On January 5, 2023, Plaintiff submitted a FOIA request ("Request") for documents related to the provision of COVID-19 antiviral drugs to people detained in immigration detention facilities. *See* ECF No. 26 at 2–4. ICE and DHS acknowledged receipt of the Request on January 17, 2023 and February 10, 2023, respectively, and began working to respond to the Request thereafter. *Id.* On April 13, 2023, Plaintiff filed this lawsuit. ECF No. 1.

DHS completed its search and found no responsive records, while ICE located responsive records and met and conferred with Plaintiff regarding its search, including Plaintiff sending ICE a list of proposed custodians, locations, and search terms on June 30, 2023, and ICE providing Plaintiff with an estimated page count of potentially responsive records on August 11, 2023, of 5,955 pages.

On September 5, 2023, the Court ordered ICE to review 1,000 pages per month starting on September 15, 2023, and set a further CMC for January 19, 2024. ECF No. 29. In accordance with the Court's order, ICE reviewed 1,000 pages per month and made monthly releases to Plaintiff on October 13, 2023, November 15, 2023, December 11, 2023, and January 16, 2024, at which time ICE completed its processing of the 5,955 pages of records and released all responsive, nonprivileged pages to Plaintiff, with the exception of a smaller subset of pages sent out for consultation.

In February 2024, the parties met and conferred regarding supplemental collection efforts that Plaintiff asked ICE to conduct. On February 20, 2024, the parties agreed that ICE would aim to (i) provide Plaintiff with a list of additional custodians by February 28, 2024; (ii) provide Plaintiff with a page count of potentially responsive pages by March 15, 2024, and (iii) begin releasing

responsive records, if any, by April 15, 2024. ICE would also produce six spreadsheets containing COVID-19 antiviral usage, antiviral orders, COVID-19 therapeutic orders, internal transfers of antivirals, and utilization/prescription information, by March 15, 2024. ICE met each of these dates, timely identifying additional custodians, providing a supplemental page count of 874 pages, and releasing responsive information (with some redactions where ICE contends information is exempt from disclosure under FOIA) in the spreadsheets on March 15, 2024, and within the 874 supplemental pages on April 15, 2024.

As the parties worked together on these efforts, they stipulated to continue the January 19, 2024 CMC to February 23, 2024, ECF No. 31, and from February 23, 2024 until May 31, 2024. ECF No. 34.

**2. Legal Issues**: ***Defendants' Production of Records***

**Plaintiff's Position**: Defendants have largely completed their production, and the parties have narrowed their disputes to several core, remaining issues. Plaintiff summarizes these issues, and the status of the parties' discussions, below:

Completion of Defendants' Consultation Production: Although Defendants' production is largely complete, it is missing documents that ICE referred to other agencies. Defendant ICE's October 16, 2023 production letter indicated that ICE referred 45 pages to DHS, FBI, and FEMA, none of which have yet been produced. The Parties disagree as to whether Defendant ICE has an obligation to promptly produce these documents.

Antiviral Usage Data: Defendants' initial production did not include the documents Plaintiff had requested regarding the availability of antivirals, the Government's efforts to source antivirals, the Government's planning for the future use of antivirals, and shipments of antivirals. The parties discussed these missing documents, and the Government proposed an agreement where, in lieu of searching for emails and documents on these topics, it would produce spreadsheets containing COVID-19 antiviral usage, antiviral orders, COVID-19 therapeutic orders, internal transfers of antivirals, antiviral orders from pharmacies, and utilization/prescription information. On March 15, 2024, the Government produced six spreadsheets. Plaintiff has identified several

areas where information may be lacking in these spreadsheets, and the parties have agreed to meet and confer on how to address these areas.

Redactions in Defendants' Production: Defendants' production includes numerous redactions. Plaintiff selected a narrow subset of these redactions for the parties to further discuss. Defendants agreed to produce a *Vaughn* index setting out the justifications for this limited set of redactions by June 14, 2024. With this information, the Parties can attempt to resolve these issues without needing to raise them to the Court.

**Defendants' Position**:

Consultations. ICE is continuing to closely track all pages sent out for consultation to ensure that they are timely produced to Plaintiff. ICE sent out pages for consultation to DHS (106 pages), FBI (19 pages), CBP (13 pages), FEMA (13 pages), DOJ (30 pages), and the Front Office (149 pages). The 149 pages sent to the Front Office were returned to ICE and responsive nonprivileged information within those pages was promptly released to Plaintiff thereafter, on May 15, 2024. ICE will likewise promptly release responsive, nonprivileged pages sent for consultation to the remaining agencies as they are returned to ICE.

Redactions. As Plaintiff notes, above, ICE is also aiming to provide Plaintiff with a *Vaughn* index for certain redactions Plaintiff identified, which apply to approximately 291 pages of records, by June 14, 2024.

**3. Settlement and ADR:**

**Plaintiff's Position**: In the Parties' initial Case Management Statement, both Parties proposed that the Defendants first produce the documents they view as responsive, and that the Parties revisit the issue of ADR at an appropriate time. ECF No. 26 at 6. At this stage of the case, the issues have crystallized, and ADR may help resolve the remaining issues. Plaintiff therefore requests that the Court refer the case to a United States Magistrate Judge for a settlement conference. The Parties' discussions to date have been productive, and Plaintiff anticipates continuing to work constructively with the Defendants during the period leading up to the settlement conference.

**Defendants' Position**: Defendants believe the case may benefit from further meet and confer efforts, including after the production of the agreed-upon *Vaughn* index, before being referred to a settlement judge. However, Defendants are generally amenable to referral to a United States Magistrate Judge for a settlement conference.

**4. Scheduling:**

**Plaintiff's Position**: Defendants have now largely completed their production and the Parties have been able to resolve some issues between them informally. In the next phase of this case, the Parties will attempt to resolve the remaining issues. If they are unsuccessful in resolving all issues informally, they will then move toward filing summary judgment briefing. In order to move expeditiously through this next phase of the case, Plaintiff proposes that the Court enter two orders. First, Plaintiff proposes that the Court set a date certain of July 15, 2024, for Defendants' production of the remainder of the documents that Defendants referred to other agencies for consultation. Second, Plaintiff proposes that the Court refer the case to a United States Magistrate Judge for a settlement conference. If any disputes remain between the Parties after that settlement conference, Plaintiff proposes that the Court order the parties to submit a joint proposed schedule for cross-motions for summary judgment as to any remaining issues within 14 days of the settlement conference. Plaintiff sets out the grounds for these requests below.

July 15, 2024 Deadline for Completion of Defendants' Consultation Production

Defendant ICE's October 16, 2023 production letter indicated that ICE referred 45 pages to DHS, FBI, and FEMA. Over seven months have passed, and Defendants have otherwise completed their production. These documents still have not been produced. Although the parties are cooperatively working through issues apparent from Defendants' production to date, these discussions are necessarily incomplete because they do not include any issues that might arise from the 45 missing pages of documents. For example, these documents could have improper redactions that the Parties must address, or they could include helpful information that points to other searches that Defendants must conduct. An efficient resolution of this case requires Defendants to produce these remaining documents soon.

Defendants' delay in producing these documents is improper. The Court ordered ICE to process 1,000 pages of records per month until it completes its production. ECF No. 29. ICE has not completed its production because these documents sent for referrals and consultations have not yet been produced, so ICE remains subject to the Court's requirement that it process records at this rate. Although an agency in possession of potentially responsive FOIA records that originated with another agency may refer them to that agency for processing, the referral "constitute[s] a withholding [if] the net effect of the referral was to significantly increase[] the amount of time [a] plaintiff ha[s] to wait to receive a response to [it]s FOIA request." *Keys v. Dep't of Homeland Sec.*, 570 F. Supp. 2d 59, 70 (D.D.C. 2008) (cleaned up). For this reason, referrals must be "prompt and public." *McGehee v. C.I.A.*, 697 F.2d 1095, 1111 (D.C. Cir. 1983). The referring agency (here, Defendant ICE) continues to be "ultimately responsible for processing responsive records in its custody and control at the time of the FOIA request," regardless of its referral of the documents to another agency. *Plunkett v. Dep't of Just.*, 924 F. Supp. 2d 289, 305 (D.D.C. 2013). Defendants have already delayed producing these referred documents for longer than is permissible. The Court should order Defendants to produce these documents by a date certain of July 15, 2024, which provides Defendants ample time to ensure their production. *See Electronic Privacy Information Center v. DOJ*, 416 F. Supp. 2d 30, 38 (D.D.C. 2006) ("[In FOIA cases,] courts have the authority to impose concrete deadlines on agencies that delay the processing of requests meriting expedition.").

<u>Scheduling a Settlement Conference</u>

The Parties have worked informally to narrow the issues remaining in this case, and they will continue to do so. In order to maximize the potential for the Parties to resolve as many of these issues as possible without the need for summary judgment briefing, Plaintiff proposes that the Court refer the case to a United States Magistrate Judge for a settlement conference. The parties will continue to work together to resolve as many of the remaining issues before this settlement conference, and Plaintiff expects that the settlement conference would permit the Parties to address any issues that remain. This approach would maximize the chances that this case can be resolved without summary judgment briefing. If this settlement conference is unsuccessful, then it is likely

that summary judgment briefing will be necessary to reach a final resolution. Therefore Plaintiff proposes that the Court include in its order a requirement that, unless the settlement conference results in a complete resolution of the case, the Parties file a joint proposal for cross-motions for summary judgment within 14 days of the settlement conference.

**Defendants' Position**: Plaintiff has clarified that its request for a July 15, 2024 deadline applies only to the pages ICE has sent out for consultation to other agencies. As noted above, ICE is processing these records promptly as they are returned to the agency, and has received (and processed) 149 pages sent out for consultation thus far. ICE is committed to promptly processing the remaining pages as they are returned to ICE. With respect to scheduling a settlement conference, as noted above, Defendants are generally amenable to referral to a United States Magistrate Judge for a settlement conference at the appropriate time.

Dated: May 24, 2024

GOODWIN PROCTER LLP

By: */s/ Oscar Barron-Guerra**
Oscar Barron-Guerra
*OBarronGuerra@goodwinlaw.com*

*/s/ Linnea P. Cipriano*
Linnea P. Cipriano
*LCipriano@goodwinlaw.com*

AMERICAN CIVIL LIBERTIES UNION FOUNDATION

*/s/ Kyle Virgen*
Kyle Virgien
*kvirgien@aclu.org*
Eunice Cho
*echo@aclu.org*

AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF NORTHERN CALIFORNIA

*/s/ Sean Riordan*
Sean Riordan
*sriordan@aclunc.org*

*Attorneys for Plaintiff*

AMERICAN CIVIL LIBERTIES UNION

ISMAIL J. RAMSEY
United States Attorney

Dated: May 24, 2024

By: */s/ Savith Iyengar*
SAVITH IYENGAR
Assistant United States Attorney
Attorney for Defendants

* Filer attests that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.